IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DEWAYNE EUGENE BATTEN,**

**Plaintiff,**

vs.                                                        Case No. 4:15cv528-RH/CAS

**MORPHO TRUST USA,**

**Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on November 4, 2015, by filing a complaint alleging employment discrimination, ECF No. 1. After review, Plaintiff was directed to submit an amended complaint and the deficiencies of this initial complaint were listed. ECF No. 4. Plaintiff filed a motion, ECF No. 7, requesting reconsideration of an Order, ECF No. 6, denying his motion for appointment of counsel, ECF No. 5. Within that motion, Plaintiff said he did not know how to submit an amended complaint in compliance with the Federal Rules of Civil Procedure. *Id.* ECF No. 7 at 2. Thus, another Order was entered providing Plaintiff guidance on filing

the required amended complaint. ECF No. 8. That Order explained that Rule 8(a)(2) of the Federal Rules of Civil Procedure required a complaint "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Order stated:

> Plaintiff is articulate and has demonstrated he is capable of expressing himself. He must state what happened to him, stating the facts of his case in straight-forward language. He need only state the who-what-when-and-where of his case. Plaintiff does not need special knowledge to do so, nor does Plaintiff require the assistance of counsel to state the facts.

ECF No. 8.

Plaintiff's amended complaint has now been filed. ECF No. 9. The amended complaint does not comply with either of the prior two Orders, ECF Nos. 4 or 8.

The amended complaint is 172 pages long. That is not a "short and plain statement" as required by Rule 8. Plaintiff was previously required to submit an amended complaint that was "no longer than ten (10) pages, not including the right to sue letter from the E.E.O.C. which must be attached." ECF No. 4. Plaintiff did not comply in either respect. Furthermore, the complaint is not signed by Plaintiff and, thus, fails to comply with Rule 11(a).

Moreover, the amended complaint fails to state a claim upon which relief may be granted as explained in greater detail below. It does not appear that providing additional opportunities to submit another amended complaint would be beneficial. This case should be dismissed sua sponte.

It appears that Plaintiff's claim rests on the premise that his employer must accommodate his religious beliefs. ECF No. 9 at 5-6. Plaintiff objects to disclosing his social security number, contends he is denied his "national origin" by his employer Morpho Trust, and he objects to money being withheld or deducted from his paycheck for social security taxes. *Id.* at 6-9. Plaintiff argues that Defendant refuses "to recognize [his] religious beliefs" and require the use of his "Social Security Number for continued employment" and are forcing him "to claim a different citizen status for continuing employment with the company." *Id.* at 9. He contends his social security number has been given "to a third party and others without his consent," meaning Morpho Trust provided it "to the government of the 'United States' (District of Columbia) in which they placed [his] participation into the social security and Medicare program by" withholding money from his paycheck. *Id.* at 9.[1] Thus, it appears that Plaintiff's complaint is based

---

[1] Plaintiff admits that his passport shows he is "a United States of America citizen" and he acknowledges he was born in the state of Georgia. ECF No. 9 at 6. Nevertheless, Plaintiff contends he is a "non-citizen U.S. national." *Id.* That assertion is

Case No. 4:15cv528-RH/CAS

on his belief that he is "exempt" from the withholding of taxes and disclosure of his social security number.

The United States Supreme Court has rejected a claim that payment of social security taxes are an unconstitutional burden on a religious belief. <u>United States v. Lee</u>, 455 U.S. 252, 260, 102 S. Ct. 1051, 1057, 71 L. Ed. 2d 127 (1982) (upholding the payment of social security taxes despite objection of Amish employers).  Accordingly, there are no plausible claims evidence from Plaintiff's amended complaint, ECF No. 9, and because it does not appear that providing Plaintiff another opportunity to amend his complaint would be beneficial, it is recommended that this case be dismissed for failure to state a claim upon which relief may be granted.

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 9, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on January 27, 2016.

 s/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

---

not correct.  Under federal law, a "person born in the United States" is a national and citizen of the United States at birth.  8 U.S.C. § 1401(a).

Case No. 4:15cv528-RH/CAS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**